UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN W. CHILD,<br>    Plaintiff<br><br>v.<br><br>TITAN PROPANE LLC and<br>ADRIEN R. TURCOTTE,<br>    Defendants | Case No. 05-CV-11814NMG |

## ANSWER

Pursuant to Fed.R.Civ.P. 8 and 12, defendant Adrien R. Turcotte ("defendant") responds paragraph by paragraph to the allegations in plaintiff's complaint.

No response is required to plaintiff's introductory paragraphs.

1.) Upon information and belief, defendant admits the allegations of fact in paragraph one.

2.) Defendant admits that he is a resident of the State of Maryland. Defendant further answers that his current address is: 7218 Rockawalkin Road, Hebron, Maryland, 21830. Otherwise, defendant denies the allegations of fact in paragraph two.

3.) Defendant denies the allegations of fact in the first sentence of paragraph three. Defendant further answers that, upon information and belief, Titan Propane LLC is a foreign limited liability company, formed under the laws of the State of Delaware and with its principal place of business in the State of Kentucky. Defendant

1

|     |     |
| --- | --- |
|     | is without knowledge or information sufficient to form a belief as to the truth of the averments in the second sentence of paragraph three and, on that basis, denies the same. |
| 4.) | Defendant admits that, upon information and belief, Propane Continental Inc., which did business as Vineyard Propane, (hereafter "Vineyard Propane"), was engaged in the business of marketing and distributing propane to residential, commercial, and other retail users on Martha's Vineyard. Defendant also admits that the operations of the company included sale, repair and maintenance of propane related supplies, hearing systems, and appliances. Otherwise, defendant denies the allegations of fact in paragraph four. |
| 5.) | Upon information and belief, defendant admits that plaintiff was, for some period, an employee of Vineyard Propane for which plaintiff worked as a gas installer and serviceman. Otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph five and, on that basis, denies the same. |
| 6.) | Defendant admits that he was employed by Vineyard Propane between 1999 and 2002. Otherwise, defendant denies the allegations of fact in paragraph six. |

7.)     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph seven and, on that basis, denies the same.

8.)     Defendant admits the allegations of fact in the first sentence of paragraph eight. Defendant also admits, upon information and belief, that plaintiff was a holder of a commercial driver's license, a journeyman's plumber license, a plumbers and gas fitters license as a liquid propane gas installer, and an oil burner technician license. Otherwise, defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph eight and, on that basis, denies the same.

9.)     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph nine and, on that basis, denies the same.

10.)    Defendant denies the allegation of fact in paragraph ten.

11.)    Defendant denies the allegations of fact in paragraph eleven (except to admit that he was neither a licensed journeyman plumber or licensed LP gas installer).

12.)    Defendant denies the allegations of fact in paragraph twelve.

13.)    Defendant denies the allegations of fact in paragraph thirteen.

14.)    Defendant denies the allegations of fact in paragraph fourteen.

15.)    Defendant denies the allegations of fact in paragraph fifteen.

16.)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph sixteen and, on that basis, denies the same.

17.)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph seventeen and, on that basis, denies the same.

18.)   Plaintiff's exhibit A speaks for itself. Otherwise, defendant denies the allegations of fact in paragraph eighteen.

19.)   Defendant denies the allegations of fact in paragraph nineteen.

20.)   Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twenty and, on that basis, denies the same.

21.)   Defendant admits that he contacted the Edgartown Police Department in order to attempt to arrange for plaintiff to be forbidden to enter onto the property of Vineyard Propane. Otherwise, defendant denies the allegations of fact in paragraph twenty-one or is without knowledge or information sufficient to form a belief as to the truth of the averments in the paragraph and, on that basis, denies the same.

22.)   Defendant admits the allegations of fact in the first sentence of paragraph twenty-two, further answering that he interprets the phrase "respective parties" to indicate plaintiff and defendant Turcotte. Plaintiff admits the allegations of fact in the second

sentence of paragraph twenty-two. The third and fourth sentences of paragraph twenty-two consist largely of conclusions of law to which no answer is required. Moreover, plaintiff's allegations in those sentences attempt to summarize official documents which speak for themselves. As to the first fifteen words of the fifth sentence of paragraph twenty-two, defendant answers that the document speaks for itself. Otherwise, defendant is without knowledge sufficient to respond to the averments in that sentence and, on that basis, denies the same.

23.) Paragraph twenty-three consists of conclusions of law to which no answer is required. Defendant further answers that plaintiff's Exhibit C speaks for itself. To the extent any further answer is deemed necessary, defendant denies the allegations of fact in paragraph twenty-three.

24.) Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twenty-four and, on that basis, denies the same.

25.) Defendant denies the allegations of fact in paragraph twenty-five.

26.) Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph twenty-six and, on that basis, denies the same.

<u>Count I—Assault and Battery</u>

27.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

28.) Defendant denies the allegations of fact in paragraph twenty-eight.

29.) Defendant denies the allegations of fact in paragraph twenty-nine.

30.) Defendant denies the allegations of fact in paragraph thirty.

31.) Defendant denies the allegations of fact in paragraph thirty-one.

32.) Paragraph thirty-two include conclusions of law to which no response is required. Defendant further answers that the documents appended to plaintiff's amended complaint speak for themselves.

33.) Defendant denies the allegations of fact in paragraph thirty-three.

Count II—Intentional or Reckless Infliction of Emotional Distress

34.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

35.) Paragraph thirty-five consists of conclusions of law to which no response is required.

36.) Defendant denies the allegations of fact in paragraph thirty-six.

37.) Defendant denies the allegations of fact in paragraph thirty-seven.

38.) Defendant denies the allegations of fact in paragraph thirty-eight.

39.) Defendant denies the allegations of fact in paragraph thirty-nine.

40.) Defendant denies the allegations of fact in paragraph forty.

41.) Defendant denies the allegations of fact in paragraph forty-one.

Count III—Intentional Interference with an Employment Relationship

42.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

43.) Paragraph forty-three consists of conclusions of law to which no response is required.

44.) Paragraph forty-four consists of conclusions of law to which no response is required.

45.) Defendant admits that, during the course of defendant's employment for Vineyard Propane, defendant believed plaintiff was employed by Vineyard Propane. Otherwise, defendant denies the allegations of fact in paragraph forty-five.

46.) Defendant denies the allegations of fact in paragraph forty-six.

47.) Defendant denies the allegations of fact in paragraph forty-seven.

48.) Defendant denies the allegations of fact in paragraph forty-eight.

49.) Defendant denies the allegations of fact in paragraph forty-nine.

Count IV—Defamation

50.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

51.) Paragraph fifty-one consists of conclusions of law to which no response is required.

52.) Defendant denies the allegations of fact in paragraph fifty-two.

53.) Defendant denies the allegations of fact in paragraph fifty-three.

54.) Defendant denies the allegations of fact in paragraph fifty-four.

55.) Defendant denies the allegations of fact in paragraph fifty-five.

56.) Defendant denies the allegations of fact in paragraph fifty-six.

57.) Defendant denies the allegations of fact in paragraph fifty-seven.

58.) Defendant denies the allegations of fact in paragraph fifty-eight.

59.) Defendant denies the allegations of fact in paragraph fifty-nine.

## Count V—Malicious Prosecution

60.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

61.) Paragraph sixty-one consists of conclusions of law to which no response is required.

62.) Defendant admits the allegations of fact in paragraph sixty-two.

63.) Defendant denies the allegations of fact in paragraph sixty-three.

64.) Defendant denies the allegations of fact in paragraph sixty-four.

65.) Defendant admits that the clerk-magistrate did not forward the complaint. Otherwise, paragraph sixty-five consists of conclusions of law to which no response is required.

66.) Defendant denies the allegations of fact in paragraph sixty-six.

## Count VI—Respondeat Superior

67.) Defendant restates and incorporates herein its answers to the preceding paragraphs.

68.) Defendant admits that he was employed by Vineyard Propane between 1999 and 2002. Otherwise, defendant denies the allegations of fact in paragraph sixty-eight.

69.) Defendant admits that plaintiff's complaint alleges that certain tortuous conduct occurred during the course of and within the scope of defendant's employment. Defendant does not, however, thereby admit that the alleged tortuous conduct actually occurred.

70.) Defendant denies the allegations of fact in paragraph seventy.

As to the numbered "Wherefore" clause, defendant denies any liability, in any form or amount, to plaintiff.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Second Affirmative Defense

Plaintiff's claims are barred, preempted, or foreclosed, in whole or in part, by the Massachusetts State Workmen's Compensation Act.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by his contributory negligence.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part by discharge in bankruptcy.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by his failure to describe special damages in his complaint.

### Seventh Affirmative Defense

Plaintiff has failed to state a claim upon which relief may be granted.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of accord and satisfaction.

### Ninth Affirmative Defense

Plaintiff has failed to mitigate his alleged damages.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, waiver, release, res judicata, and unclean hands.

### Eleventh Affirmative Defense

With reference to the events alleged to have occurred on May 14, 2004, defendant acted in self-defense.

Respectfully submitted,
Adrien R. Turcotte,
By his attorneys,

_/s/ Norman Holtz_

Norman Holtz, BBO# 238880
HOLTZ & REED, LLC
25 New Chardon Street
Boston, MA 02114
(617) 720-0501

Dated: 9/20/2005

10